# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VINEETA PRASAD, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 10 C 5943 |
| ACXIOM CORPORATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Vineeta Prasad has sued her former employer, Acxiom Corp., under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), the Equal Pay Act, 29 U.S.C. § 206(d), and Illinois state law. Prasad claims that Acxiom discriminated against her because of her race (Indian) and her sex, she was subjected to sexual harassment, and Acxiom retaliated against her after she complained about this alleged treatment. Prasad has also asserted a claim that Acxiom paid her less than male employees performing similar work and a state law claim for breach of contract. Acxiom has moved for summary judgment. Gregg Szilagyi, the trustee of Prasad's bankruptcy estate, has moved to substitute for Prasad as the plaintiff on all pending claims. For the reasons stated below, the Court grants the trustee's motion to substitute in part and denies as moot Acxiom's motion for summary judgment.

## Background

In October 2008, Vineeta Prasad filed a charge of discrimination with the Illinois

Department of Human Rights (IDHR). This charge concerned essentially the same alleged conduct by Acxiom about which Prasad complains in this lawsuit. At some point, the charge was also filed with the EEOC, although the parties dispute whether Prasad herself filed it or the IDHR "cross-filed" it. On July 3, 2009, Prasad filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois. In October 2009, the bankruptcy court issued an order closing the case and discharging Prasad's debts, which totaled $1,250,179.67. On June 24, 2010, Prasad received a right-to-sue letter from the EEOC.

On September 20, 2010, Prasad filed this lawsuit. Acxiom has moved for summary judgment. Acxiom argues in its motion that Prasad is judicially estopped from pursuing her claims because she did not disclose her then-pending administrative charge of discrimination in her bankruptcy case. Acxiom also contends that Prasad lacks standing to bring this action because her legal claims have become the property of her bankruptcy estate.

Prasad's bankruptcy case has been reopened twice since it was initially closed, most recently in April 2011 when "the Trustee learned that the present case was pending before the court and had the potential to yield assets to administer for Debtor's creditors." Trustee's Mot. at 2. In August 2011, Szilagyi's attorney filed an appearance in this case and then moved for an order to substitute Szilagyi as the plaintiff and deny as moot Acxiom's summary judgment motion. See Dkt. No. 41. Because neither Prasad nor Acxiom addressed Szilagyi's arguments in their summary judgment materials, the Court allowed them to respond to Szilagyi's motion.

2

**Discussion**

Szilagyi argues that he is the true party in interest because "the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims." *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006); 11 U.S.C. § 541(a). He asks for an order substituting him as the plaintiff in this case on the ground that, as the true party in interest, he has exclusive standing to assert Prasad's discrimination claims. He argues that this moots Acxiom's argument regarding judicial estoppel because only Prasad, not he or the bankruptcy estate, is alleged to have made contrary representations to different tribunals.

Acxiom does not dispute Szilagyi's arguments regarding substitution or the mootness of its summary judgment motion with respect to Szilagyi. Prasad does not dispute that Szilagyi should be substituted as the plaintiff on any pre-petition legal claims. She argues, however, that because she had only filed an IDHR complaint at the time she filed her bankruptcy petition and had not yet received a right-to-sue letter, her complaint was not truly a legal claim and therefore did not belong to her bankruptcy estate. She concedes that this is "a novel position, having no basis in law," Pl.'s Resp. to Trustee's Mot. at 2, and she concedes that Seventh Circuit case law points in the other direction. *See Fowler v. Shadel*, 400 F.3d 1016, 1018 (7th Cir. 2005) ("Under 11 U.S.C. § 541(a)(1) (2005), a debtor's bankruptcy estate includes all his legal and equitable interests in property as of the commencement of the bankruptcy case."); *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993) ("The term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed. . . . In fact, every conceivable

interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541.") (internal quotation marks and citations omitted).

Another judge in this district recently held that a plaintiff who filed for bankruptcy after filing a charge of discrimination with the IDHR lacked standing to bring her case because the action was a part of her bankruptcy state. *Esparza v. Costco Wholesale Corp.*, No. 10 C 5406, 2011 WL 6820022, at *3 (N.D. Ill. Dec. 28, 2011). The only difference between Prasad and the plaintiff in *Esparza* is that Esparza had received a right-to-sue letter. The Court does not find this difference material in light of the Seventh Circuit's expansive description of what a bankruptcy estate includes. Moreover, as Acxiom points out, Prasad's bankruptcy petition required her to supply information about "suits *and administrative proceedings*," Def.'s Mem. at 3 (emphasis added), indicating that administrative discrimination claims – which are, after all, potential claims to recover money – are part of a debtor's estate.

For these reasons, the Court concludes that Prasad's 2009 complaint to the IDHR constituted a pre-bankruptcy claim and therefore belongs to her bankruptcy estate. Prasad concedes that upon such a finding, the Court should allow Szilagyi to substitute as the plaintiff for all claims for monetary relief. She argues, however, that she is entitled to remain in the case as a plaintiff for three reasons: to pursue non-monetary relief such as reinstatement, to pursue post-petition claims against Acxiom, and because her monetary claims may yield an amount that exceeds what she owes her creditors. Acxiom disputes that any of these arguments provides a basis for Prasad to remain in the case and argues that, even if they did, she would be judicially estopped from pursuing her claims.

4

The Court agrees with Acxiom that Prasad has not asserted any post-petition claims against Acxiom and that the possibility that she might do so does not provide a basis for her to remain a party to this lawsuit in her own right. Acxiom is also correct that Prasad's complaint seeks $550,000, less than half of the $1,250,179.67 she owes to her creditors, and that her suggestion that monetary relief in this case may exceed that amount therefore fails.

Although Acxiom is also correct that Prasad's complaint does not expressly request reinstatement, Prasad asserts in her responses to Acxiom's motion for summary judgment and to Szilagyi's motion to substitute that she has the right to seek reinstatement, and she appears to suggest that she intends to do so. "The Seventh Circuit has commented that . . . reinstatement is the preferred remedy . . . when a plaintiff has been wrongfully terminated." *Rasic v. City of Northlake*, No. 08 C 104, 2010 WL 3365918, at *14 (quoting *Downes v. Volkswagen of Am., Inc.*, 41 F.3d 1132, 1141 (7th Cir. 1994) (internal quotation marks omitted)). The Court declines to rule at this point that Prasad may not seek reinstatement.

Prasad argues further that, even if she were to be judicially estopped from pursuing claims for monetary relief, the doctrine would not apply to a request for reinstatement because a "claim for injunctive relief . . . would have added nothing of value to the bankruptcy estate even if she properly disclosed it." *See Barger v. City of Cartersville*, 348 F.3d 1289, 1297 (11th Cir. 2003). Acxiom does not dispute this, arguing only that Prasad, unlike the plaintiff in *Barger*, has not asserted a claim for injunctive relief. As the Court has explained, the fact that Prasad's complaint does not specifically request reinstatement is not a proper basis to bar her from seeking that

5

relief if she prevails. See Fed. R. Civ. P. 54(c) ("Every . . . final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."). It appears possible, however, that any non-monetary claim that she chooses to assert could nonetheless result in monetary relief. See *Shick v. Illinois Dept. of Human Servs.*, 307 F.3d 605, 614 (7th Cir. 2002) ("Front pay is an appropriate remedy in Title VII cases when reinstatement is not available or not advisable because of workplace incompatibility."). If this occurs, for the reasons the Court has explained above, Prasad's bankruptcy estate will remain entitled to any monetary award that results from Prasad's claims of discrimination.

For these reasons, the Court grants Szilagyi's motion to substitute as the plaintiff on all claims currently asserted in this lawsuit. Prasad is entitled to remain in the lawsuit as a plaintiff to the extent that she chooses to pursue non-monetary relief, including reinstatement.

## Conclusion

For the reasons stated above, the Court grants the bankruptcy trustee's motion to substitute in part and denies as moot defendant's motion for summary judgment [docket no. 24]. The ruling date of February 23, 2012 is vacated, but the case is set for a status hearing on that same date at 9:30 a.m. to set a schedule for further proceedings.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 17, 2012